# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID A. McDONALD, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00464-TFM-N |
| | ) |
| DARRELL WAYNE GRIMSLEY, JR., | ) |
| LIBERTY RENT, LLC, *and* | ) |
| DATA HOLDINGS, INC., | ) |
|     Defendants. | ) |

## ORDER

This civil action is before the Court on the "Motion to Seal Complaint" filed December 8, 2023, by the Defendants—Darrell Wayne Grimsley, Jr.; Liberty Rent, LLC; and Data Holdings, Inc. (Doc. 2). In accordance with the Court's briefing schedule (Doc. 6), the Plaintiff, David A. McDonald, filed an "Objection and Response in Opposition" to said motion (Doc. 22), and the Defendants filed a reply (Doc. 26) to the response, with separate supporting exhibit (*SEALED* Doc. 27). On January 15, 2024, three days after the Defendants filed their reply, McDonald filed a "Motion to Strike" the reply brief (Doc. 28), to which the Defendants timely filed a response in opposition (Doc. 30), *see* S.D. Ala. CivLR 7(c).[1] Briefing on both motions is now closed.

The assigned District Judge has referred both motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (Doc. 25; 1/16/2024 electronic reference notation). Upon due consideration, the

---

[1] McDonald did not file a reply to the response to the motion to strike within the time permitted by S.D. Ala. CivLR 7(d).

undersigned finds that both motions are due to be **DENIED**, but that the Defendants should be given an opportunity to file an amended motion to seal that adequately shows why certain provisions of the initial complaint should be redacted.

### I. *Procedural Background*

McDonald commenced this civil action by filing a complaint with the Circuit Court of Baldwin County, Alabama, on October 24, 2023 (*see* *SEALED* Doc. 3) (hereinafter, "the initial complaint"), alleging claims for breach of contract, fraud, negligence, and wantonness arising out of McDonald's prior employment and business relationship with the Defendants. The Defendants removed the case to this Court under 28 U.S.C. § 1441(a) on December 8, 2023 (*see* Doc. 1), and also filed the present motion to file a copy of the initial complaint under seal (*see* Docs. 2, 3). On December 11, 2023, the District Judge entered an order setting out relevant standards regarding sealing court filings, and directed the parties "to confer with each other to determine if there is a lesser means to protect confidential information – such as a redacted complaint for the public or a public complaint with general descriptions to be accompanied by a specific complaint under seal with further detail[–]" and to file a joint status report regarding same by January 2, 2024. (Doc. 6, PageID.88). The District Judge also set a briefing schedule on the motion to seal, and ordered that the initial complaint "remain provisionally sealed pending the Court's final determination on the issue of sealing." (*See id.*).

As ordered, the parties filed a "Joint Status Report" on the deadline, reporting that they were "continuing their discussions in an effort to reach a mutually-acceptable compromise position" and that the parties would file their respective briefs in response and reply to the motion to seal if a compromise could

not be reached. (Doc. 20, PageID.264). Three days later, McDonald filed his response in opposition to the motion to seal (Doc. 22), followed a week later by the Defendants' reply (Docs. 26, 27). The same day the reply was filed, the District Judge referred the motion to seal to the undersigned for appropriate disposition. (*See* Doc. 25). Three days later, McDonald filed the present motion to strike (Doc. 28), to which the Defendants responded in opposition (*see* Doc. 30).

After briefing on the present motions closed, the Court denied McDonald's motion to remand this case to state court (*see* Doc. 38), and ordered McDonald to file an amended complaint to cure the "shotgun" nature of his initial complaint (*see* Doc. 39). McDonald timely filed his First Amended Complaint (Doc. 45) in response. The First Amended Complaint was accompanied by a notice from McDonald reporting that all parties agreed the amended complaint could be filed on the public docket, but that the parties "were not able to reach an agreement regarding the issues presented by the previously filed Complaint and Motions to Seal and accompanying briefs." (Doc. 44, PageID.475 (citing Docs. 2, 22, 26, 28)).

## II. *Analysis*

### a. Motion to Seal

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). The media and public presumptively have a right to access judicial records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam). The common law right of access to judicial records " 'establish[es] a general presumption that criminal and civil actions should be conducted publicly' and 'includes the right to inspect and copy public records and documents.' It is 'an essential component of our system of justice' and 'is instrumental in securing the integrity of the

> process.'" [*FTC v.* ]*AbbVie Prods., LLC*, 713 F.3d [54,] 62[ (11th Cir. 2013)] (quoting *Chicago Tribune*, 263 F.3d at 1311). Access to public and judicial records protects "the citizen's desire to keep a watchful eye on the workings of public agencies, and ... a newspaper publisher's intention to publish information concerning the operation of government." *Nixon*, 435 U.S. at 597–98, 98 S. Ct. at 1312 (citations omitted); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (finding that these public concerns were at the "heart of the interest protected by the right of access").

*Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1166 (11th Cir. 2019) (footnote omitted). *See also Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."). "[W]hen applying the common-law right of access federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." *Chicago Trib.*, 263 F.3d at 1311.

Here, the Defendants seek to file under seal the complaint that began this civil case in state court (Doc. 3). "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision. Indeed, the complaint is so fundamental to litigation that the plaintiff's pleadings in the complaint determine whether a federal court has jurisdiction to even entertain the claim." *AbbVie Prods. LLC*, 713 F.3d at 62. Therefore, "courts have consistently treated complaints as judicial records for purposes of determining whether the common-law right of access applies." *Id.*

However, "this common-law 'right to inspect and copy judicial records is not absolute." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (per curiam) (quoting *Nixon*, 435 U.S. at 598). "Courts have discretion to determine which portions of the record, if any, should remain under seal, and this discretion is 'to be exercised in light of the relevant facts and circumstances of the particular case.' " *Id.* (quoting *Nixon*, 435 U.S. at 599). "The test for whether a judicial record can be withheld from the public is a balancing test that weighs 'the competing interests of the parties' to determine whether there is good cause to deny the public the right to access the document." *AbbVie Prods. LLC*, 713 F.3d at 62 (quoting *Chicago Trib.*, 263 F.3d at 1311). "[A] court weighing these competing interests will consider a number of important questions, including 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.' " *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (quoting *Romero*, 480 F.3d at 1246). "Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents." *Id.* (citing *Romero*, 480 F.3d at 1246). Preventing the disclosure of privileged attorney-client information can also justify sealing or redacting matters from the public record.[2]

---

[2] *See Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 11 (1st Cir. 1998) ("[T]he interest in

In their opening motion, the Defendants "request that the Court seal the entire Complaint in perpetuity." (Doc. 2, PageID.49). As grounds, they identify three classes of information in the initial complaint that they assert should be kept from the public docket:

1. "confidential business information," at paragraphs 14-16 and 18-19;

2. "information learned in connection with attorney-client relationships," at paragraphs 38-41, 42-50, 56-58, 62-91, 97, 100, 102, 104, 106, and 108; and

3. "outright libelous statements made to irreparably damage Defendants' business reputations[,]" at paragraphs 57-59, 61-63, and 95-108.

(Doc. 2, PageID.50 (footnote omitted)).

In their reply, the Defendants do not directly address any of McDonald's arguments against sealing raised in his response, instead simply stating that they "stand on the merits of their Motion to Seal." (Doc. 26, PageID.316). However, the Defendants also propose, as a compromise and alternative remedy, that the initial complaint be filed publicly with certain portions redacted—specifically, all of paragraphs 38, 41, 47, 62-64, 69-71, 73, and 76-79, and parts of paragraphs 44 and 90. (*See* Doc. 27).

---

preserving a durable barrier against disclosure of privileged attorney-client information is shared both by particular litigants and by the public, and it is an interest of considerable magnitude. Indeed, this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records."); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("in civil litigation,…information covered by a recognized privilege (such as the attorney-client privilege)… is typically enough to overcome the presumption of access" (quotation omitted)).

The request to seal the initial complaint in its entirety was overbroad from the start, as it was readily apparent when the motion to seal was filed that redaction of only parts of the pleading was a suitable alternative. *See Callahan*, 17 F.4th at 1363 (courts consider, *inter alia*, "the availability of a less onerous alternative to sealing the documents" in deciding whether to seal a filing); S.D. Ala. GenLR 5.2(b)(2)(B) (requiring a motion for a sealing order to contain, *inter alia*, "the reasons why alternatives to sealing are inadequate"). The publicly-filed motion to seal acknowledges that not every paragraph of the initial complaint contains information the Defendants want protected, and indeed directly quotes several provisions from that pleading. Accordingly, the request to seal the initial complaint in its entirety is due to be denied.

Moreover, the undersigned generally agrees with McDonald's response that the Defendants have failed to convincingly show that any of the specific provisions in the initial complaint they have cited are worthy of being kept from the public docket. With regard to provisions that are purportedly "outright libelous statements made to irreparably damage Defendants' business reputations[,]" the Defendants fail to elaborate on how any of the statements are false at all, much less so "libelous" that they must be kept from the public eye. That a defendant disagrees with a plaintiff's version of the alleged facts is hardly uncommon in civil litigation—indeed, it is often the *raison d'être* for such litigation. Moreover, "[t]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)

(citing cases). *Accord In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) ("Mere embarrassment is insufficient to overcome the strong presumption of public access inherent in the common law right."); *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal. The Report is no longer a private document. It is part of a court record. Since it is the basis for the adjudication, only the most compelling reasons can justify the total foreclosure of public and professional scrutiny. The potential harm asserted by the corporate defendants is in disclosure of poor management in the past. That is hardly a trade secret. The argument that disclosure of poor management is so harmful as to justify keeping the Report under seal proves too much since it is a claim which grows stronger with the degree of misconduct.").

The Defendants have similarly failed to substantiate their claims that the initial complaint contains "confidential business information." They do not allege that McDonald is subject to a nondisclosure agreement or similar contract, and they fail to explain why any of the cited allegations in the initial complaint should be considered trade secrets or otherwise confidential business information. *See In re Avandia*, 924 F.3d at 679 ("[C]ourts may permissibly seal judicial records where they are sources of business information that might harm a litigant's competitive standing. Here, however, the District Court did not articulate—and we are unable to see—how the purported harm to GSK's competitive standing chalks up to anything

more than mere embarrassment." (citation and quotation omitted)); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307-08 (6th Cir. 2016) (mere "platitudes" are insufficient to show that business information is worthy of sealing protection).

The Defendants offer slightly more support for their assertion that the initial complaint contains information subject to attorney-client privilege. As they correctly note, the initial complaint alleges that McDonald, an attorney licensed in Alabama, provided legal consultation and overall guidance to Defendant Grimsley over the years regarding Grimsley's business ventures, and at one point served as "General Counsel" for Defendant Liberty Rent. However, as McDonald correctly points out, "the argument that *any* communication between an attorney and client is protected by the privilege is overbroad." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992). Rather, "[t]he party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed *and* that the particular communications were confidential. *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) (emphasis added) (citation and quotation omitted). "In order to show that communications made to an attorney are within the privilege, it must be shown that the communication was made to him confidentially, in his professional capacity, for the purpose of securing legal advice or assistance." *Id.* (quotation omitted). The Defendants have not made such a particularized showing for the provisions they claim are subject to attorney-client privilege.

Such a particularized showing is especially imperative here, as the initial complaint suggests that McDonald and Grimsley were also business partners when many of the allegedly privileged communications were made. *Cf. Harris v. Hyundai Motor Mfg. Alabama, LLC*, No. 2:19CV919-MHT, 2021 WL 966019, at *3 (M.D. Ala. Mar. 15, 2021) (recognizing that "in-house counsel…are often 'involved in all facets of the enterprises for which they work' and…may thus engage in a variety of activities outside of offering legal advice" (quoting *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 797 (E.D. La. 2007)). As McDonald has pointed out, under Alabama Rule of Professional Conduct 1.6, a lawyer may reveal information relating to representation of a client without the client's consent "to the extent the lawyer reasonably believes necessary [t]o establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client…" Ala. R. Prof. Resp. 1.6(b)(2). The Defendants fail to argue why the plain terms of that rule do not apply to the communications at issue here.

Nevertheless, as their proposed alternative relief requested in their reply suggests, the Defendants have significantly winnowed down the number of provisions in the initial complaint that they believe should be kept from public view since this case was first removed. Moreover, while the Defendants have failed in their present motion to make a sufficient showing that any of the provisions of the initial complaint must be kept from the public view, a review of the targeted provisions indicates it is plausible that the Defendants <u>could</u> successfully show that some of those provisions contain information justifying redaction. Given (1) the

importance to the functioning of most businesses that at least some of their information be kept confidential, (2) that attorney-client privilege is "absolutely essential to our representational system[,]" *In re Grand Jury*, 969 F.2d at 997, and (3) the Supreme Court's tacit recognition that courts should not "permit their files to serve as reservoirs of libelous statements for press consumption," *Nixon*, 435 U.S. at 598, the undersigned finds that the Defendants should be given another opportunity to show, with the requisite specificity and detail, why certain provisions of the initial complaint should be redacted from public view.[3] Until then, the initial complaint and first proposed redacted complaint shall continue to be provisionally kept under seal.

### b. Motion to Strike

McDonald has moved to have the Court strike the Defendants' reply brief in support of their motion to seal, and impose additional unspecified sanctions, under Federal Rule of Civil Procedure 11, claiming that the reply contains "misleading information, misrepresentations to the Court and improper argument." (Doc. 28,

---

[3] As McDonald's motion to strike suggests, there is some disagreement over whether he actually agreed to allow the redactions proposed by the Defendants in their reply. Even if McDonald did agree to the redactions, though, the Defendants acknowledge that McDonald does not concede "to the confidentiality or privileged nature of the information…" (Doc. 26, PageID.316). And even if McDonald had so conceded, that concession would not control the decision to permit sealing or redaction. As the District Judge previously pointed out, "[t]he determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)…He may not rubber stamp a stipulation to seal the record." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

PageID.344). The motion to strike is due to be denied as both procedurally deficient and without merit

Regarding the procedural deficiencies, a motion for sanctions under Rule 11 "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This "safe harbor period" "rewards litigants who admit their mistakes within [that] period—and penalizes those who refuse." *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1344 (11th Cir. 2022). *See also Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010) ("The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions."). A motion for Rule 11 sanctions must also "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Here, only 3 days elapsed between McDonald's counsel emailing the Defendants' counsel on January 12, 2024, to claim that their reply violated Rule 11, and the filing of the present motion on January 15. (*See* Doc. 28-2). Moreover, there is no indication that a copy of the present motion was attached to the January 12 email, and the email itself failed to describe the specific conduct that allegedly violated Rule 11.

On the merits, McDonald has failed to show that the Defendants engaged in sanctionable conduct under Rule 11. He claims that the Defendants in their reply "submitted false information to the Court, suggesting that an agreement was

reached between the parties even though they knew and understood that (1) no agreement had been reached by the parties, and (2) the Court would need to decide the Motion to Seal on its merits." (Doc. 28, PageID.346). However, having compared the email chains the parties have submitted in support of their respective positions on the motion to strike (*compare* Doc. 28-1 *with* Doc. 30-1), the undersigned concurs with the Defendants that the failure to agree concerned the language of the joint status report the District Court had ordered, rather than the Defendants' reply. Moreover, the Defendants acknowledged that "the Court would need to decide the Motion to Seal on its merits" when they stated that they were "standing on the merits of their Motion to Seal" in their reply. Partial redaction of the initial complaint was only proposed as an alternative remedy, and the only proposed redactions were those McDonald agreed to in the back-and-forth email discussion between his counsel and the Defendants'.

Relatedly, even though McDonald is correct that the Defendants' reply did not offer any further evidence or legal authority in support of their position, that alone does not warrant sanctions under Rule 11. There is generally no requirement that a movant file any reply to a response to motion—certainly, the District Judge here did not require one (*see* Doc. 6, PageID.88 ("Defendants may file a reply, if they wish to do so…")). The Defendants' opening motion to seal satisfied Rule 11's requirements—McDonald has not argued otherwise—and the Defendants made a reasonable choice to simply stand on that briefing in their reply while also proposing an alternative remedy. And it should go without saying that a motion does not

violate Rule 11 simply because it is unsuccessful or does not present a clear chance of success.[4]

### III. *Conclusion*

In accordance with the foregoing analysis, the following is **ORDERED**:

1. The Defendants' "Motion to Seal Complaint" filed December 8, 2023 (Doc. 2), and McDonald's "Motion to Strike" filed January 15, 2024 (Doc. 28), are both **DENIED**.

2. However, the Defendants are hereby granted until no later than **SEPTEMBER 27, 2024**, to file a motion for leave to publicly file a partially redacted copy of the initial complaint (Doc. 3) that demonstrates, *with sufficient specificity and particularity*, why certain portions of the initial complaint should be excepted from the presumed right of public access. As part of that motion, the Defendants shall file, separately and under seal as an exhibit to the motion, a second proposed public version of the initial complaint with the relevant portions redacted.

3. The initial complaint (Doc. 3) and first proposed redacted initial complaint (Doc. 27) shall continue to be kept provisionally under seal pending disposition of any motion filed pursuant to the preceding paragraph. Should the

---

[4] The undersigned also notes that, under the current version of Rule 11, a court is not required to impose sanctions even if it finds a violation of that rule. *See* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." (emphasis added)). Even assuming the Defendants' reply did violate Rule 11, any such violation was minor, and the undersigned would exercise discretion to decline to impose sanctions in this instance.

Defendants fail to timely file such a motion, the Court will forthwith order that those filings be unsealed in full.

**DONE** and **ORDERED** this the **13th** day of **September 2024**.

<u>*/s/ Katherine P. Nelson*</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**