IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID A. McDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:23-cv-464-TFM-N |
| | ) |
| DARRELL WAYNE GRIMSLEY, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff/Counter-Claim Defendant David McDonald's Motion for Leave to Amend Answer to Defendants' Counterclaim (Doc. 57, filed 12/31/24). David A. McDonald ("McDonald") requests the Court, pursuant to Fed. R. Civ. P. 15(a)(1), grant him leave to amend its amended answer to the counterclaim. *Id.* In response to the Court's show cause order, Defendants' file their response in opposition (Doc. 61, filed 1/8/25).

Fed. R. Civ. P. 15(a)(1) states that a party may amend its pleading once as a matter of course no later than 21 days after the following events: (1) serving the complaint, (2) service of a responsive pleading, or (3) service of a motion under Rule 12(b), (e), or (f). Though McDonald references Rule 15(a)(1), it is clear that none of those apply as the Counterclaim was filed on September 10, 2024 and McDonald's original answer was filed on September 26, 2024. *See* Docs. 52, 56. Therefore, the Court must look to Rule 15(a)(2) which states "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As the motion it opposed, it is clear that this motion would fall into the latter which requires court approval.

In reviewing Defendants' opposition, they argue that the "affirmative defendants of lack

of capacity to sue" is inapplicable to these counterclaims and therefore the motion should be denied. Doc. 61. However, the argument raised by the Defendants is a substantive issue that would be more appropriately addressed by the Court after the parties fully brief the subject through motions practice. Given that discovery has not yet occurred in this case, the Court finds that there is no prejudice to the Defendants are they are still able to litigate that issue through the normal process.

As the original motion was timely and because Fed R. Civ. P. 15(a)(2) directs that "the court should freely give leave when justice so requires", the motion for leave to amend the answer (Doc. 57) is **GRANTED**. Plaintiff/Counter-Claim Defendant McDonald is **DIRECTED** to docket the Amended Answer to Data Holdings' and Liberty Rent's Counterclaims (Doc. 57-1) no later than **January 17, 2025**.

**DONE** and **ORDERED** this the 10th day of January 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE